### TURNER, Adm'r. v. LASSITER et al.

Vendor's Lien—*Enforcement of, when tender of deed impossible, etc.*—Where the holder of a note, given for the purchase money of real estate, desires to subject the land to its payment, and the right to do so depends upon the making and delivery of a deed to the land, to the vendee, he must tender a deed with his bill, or, if the tender is impossible or impracticable, he must offer to make it, when ascertained by the court to whom it should be made; or, if the disability exists upon the part of the vendor to make the deed, when such disability is removed by the court.

APPEAL FROM ASHLEY CIRCUIT COURT.

Hon. Henry B. Morse, *Circuit Judge.*

*Johnston & Hawkins* and *U. M. Rose,* for Appellants.

We submit, the court erred in sustaining the demurrers.

Between the plaintiff and Leach, the assignee of C. J. Lassiter, and the heirs at law of Lassiter, no personal, mutual and reciprocal rights and obligations exist.

The plaintiff has no right, in law or equity, to demand the payment of money from either of the defendants. Nor can they or either of them, by any right in law or equity, demand a deed from plaintiff. The plaintiff, in his suit, is not seeking to recover judgment against either of them personally for the money. The proceeding is *in rem* against the land only.

The rights of the defendants, Sumner and Van Gilder, are wholly dependent upon the rights and equities of the other defendants, *pendente lite.* See *Story's Equity, edition of 1836, vol.* 1, *secs.* 405–406.

*J. W. Van Gilder,* for Appellees.

That the demurrer was properly sustained we submit:

*First.* There is no equity in the bill, because it fails to allege, with sufficient certainty, the facts that would constitute a lien upon the land in favor of plaintiff's intestate. It states a sale without stating when, but states that after said sale in 1862,

Lassiter acknowledged he owed $2000, and gave his note. It does not state whether there was a contract in writing, or a bond for title given or not. This, we think, a fatal defect. *Story on Eq. Pleading*, secs. 23 *and* 257 ; *Harrison vs. Nixon*, 9 *Pet.*, 483 ; 22 *Ark.*, 227; 1 *Hilliard on Mortgages*, *chapter* 23, *section* 57.

The second cause of demurrer is also well taken.

The complaint does not tender or offer to tender a deed, which is certainly fatal. 26 *Ark.*, 506.

The bill does not even bring the heirs of Holloway as parties into court, so that a deed could be decreed. 18 *Ark.*, 24.

STEPHENSON, J.—On the 18th day of January, 1868, Milton Holloway filed a bill in the Ashley Circuit Court, on the Chancery side, against Francis Lassiter, Laura and Jones P. Smith, James M. Leach and James Merriweather, to subject certain lands, in Ashley county, to the payment of the purchase money thereof, and to cancel and set aside an outstanding adverse title set up by Merriweather.

The bill alleged that C. J. Lassiter, in his lifetime, purchased the lands from the complainant, who gave him possession and took his note for $2000. Soon after the sale, Merriweather brought suit, by ejectment, against Lassiter, to recover the lands; claiming title through the Swamp Land office, and a condition was annexed to the note, at the request of Lassiter, and by consent of complainant, that if the title of the latter should be maintained, the money should be paid; otherwise, if Merriweather's title prevailed. Merriweather's suit had been dismissed for want of prosecution, and abandoned by him, and Lassiter had sold the lands to Leach, who had full notice of the non-payment of the purchase money; that C. J. Lassiter has departed this life, and no administration has been had upon his estate; that Francis Lassiter and Laura Smith are his only heirs at law; that Jones P. Smith is the husband of the said Laura, and that all the defendants are non-residents of the State.

Notice was duly had on all the defendants, and at the —— term of the Ashley Circuit Court a decree, *pro confesso*, was taken against Leach and Merriweather. The other defendants appeared and demurred to the bill for want of equity and for multifariousness.

At this stage of the proceedings, the records of the court were destroyed by fire, and on the 2d of August 1869, Holloway having departed this life, his administrator, William Turner, filed a petition setting out all the above facts, and asked that the cause be reinstated.

The record shows no service on the defendants in the petition, but the written consent of Laura and Jones P. Smith, to reinstate, is filed.

At the March term, 1870, John Sumner and John W. Van Gilder presented their petition to the court to be made defendants, alleging that they were the then owners of the land. The court granted the petition.

At the Fall term, 1871, the court sustained the demurrer of Francis Lassiter and the Smiths interposed prior to the destruction of the record, and gave leave to Turner to amend his bill.

At the spring term, 1872, the amended bill was filed. From the nature of the amendments, it is evident that the demurrer was sustained on the ground that the bill was multifarious, from the fact that the name of Merriweather, as defendant, is stricken out; also the prayer for relief against his title. With these exceptions, the bill alleges the same facts as the original, with somewhat more circumstantial particularity. To the amended bill, Sumner and Van Gilder demurred for want of equity, and because no deed was tendered before the suit was brought.

The court sustained the demurrer and dismissed the bill, and Turner appealed.

The record shows the suit to have been improperly reinstated. No notice appears to have been given of the petition to reinstate, as required by law: *Gould's Digest*, *Chap*. 143, *Sec*. 5.

The agreement of the Smiths to reinstate could not bind the other defendants and it was necessary, before the court could properly proceed, that all the defendants should been brought in. It is evident, therefore, that for this error, which affects every subsequent step taken, in the cause, the decree of the court must be reversed. But, inasmuch as the appellant may properly reinstate his case, in order that he may have it properly adjudicated, in the court below, without again bringing it here, we will proceed to the examination of the subsequent questions presented in the record.

If the defendants had all been in court, the demurrer to the original bill might properly be sustained, for the settlement of the dispute between Holloway and Merriweather, as to the adverse title of the latter, was wholly independent of and unconnected with the cause here at issue. But it was certainly incumbent on the administrator, inasmuch as the legal title to the land was in the heirs of Holloway, to bring them before the court to enable it to decree a deed, if such step became necessary to the proper determination of the case.

The court erred in letting in Sumner and Van Gilder to defend upon the showing made in their petition. They base their right to come in simply upon the ground that they are the present owners of the land. For aught that appears in the record, they may claim title through Merriweather; and to allow them to come in upon this petition, is, in effect, to reinstate the error which was pointed out by the demurrer to the original bill, and cured by the amendments thereto.

Sumner and Van Gilder demur to the amended bill, because no deed was tendered before suit was brought. If they had been in court as original defendants, or as holders through Lassiter, and no tender of, or offer to make a deed had been made in the bill, this would have been a substantial objection; but it is evident that they were not the owners of the land at the time Holloway filed his bill, and *since*, there has arisen an emergency which renders a compliance with the contract, according to its literal terms, impossible.

Holloway is dead, and before a deed can be made by his heirs, the aid of a court must be invoked. To require a deed to be tendered, in such a case, before suit was brought, would be to require a manifest impossibility. And so where the vendor desires to subject the land to the payment of the purchase money, but the vendee is a non-resident of the State, or any other substantial reason which would render a tender impossible or fraught with doubt as to whom it should be made.

Where the holder of a note, given for the purchase money of real estate, desires to subject the land to its payment, and the right to do so depends upon the making and delivery of a deed to the land to the vendee, he must tender a deed with his bill, or, if the tender is impossible or impracticable, he must offer to make it, when ascertained, by the court, to whom the same should be made; or if the disability exists upon the part of the vendor to make the deed, when such disability is removed by the court.

There is no appearance, in the record, of any order by the court, reinstating the cause. The petition to reinstate is a suit, in court, upon which there must be a determination and judgment; until this is done, the court cannot proceed with any question touching the original cause.

The decree of the Circuit Court is reversed, and the cause remanded with directions to allow the appellee, if he so deems, to reinstate the cause and amend his bill.